Allen *v.* Kerr.

T. H. ALLEN *et al. v.* B. F. KERR *et al.*

PRINTER'S FEES. *Costs.* Where publication of sale of land is ordered to be made in a daily newspaper, the presumption is that the advertisement is intended to appear in each edition of the paper until the day of sale unless otherwise ordered, and under Code, section 2150, printer's fee of 80 cents per square for the first insertion, and 40 cents per square for each subsequent insertion may be collected.

FROM SHELBY.

Appeal from the Chancery Court at Memphis. W. W. McDOWELL, Ch.

WRIGHT, FOWLKS & WRIGHT for complainants.

E. L. BELCHER for defendants.

DEADERICK, C. J., delivered the opinion of the court.

The question in this case arises upon a motion in the court below to retax costs.

Land had been ordered to be sold, and the decree directed that the clerk and master should sell the land, "after giving twenty days' notice of the time and place of sale in one of the Memphis newspapers." The land was advertised for twenty consecutive days in the "Avalanche," a daily newspaper published in Memphis, and a bill for $18 presented and paid by the clerk and master.

The chancellor held that under section 4585 of the Code, the printer was entitled to but $3, and required the master to retain $15 out of any money in his hands belonging to him, and refund same to complainant.

The publishers being made parties to the suit were allowed an appeal to this court. They insist that under sections 2145*a* and 2150, the number of insertions is not restricted, and that the fee of $3 allowed under section 4585 is for a single insertion.

Section 2145*a* provides that the person selling, unless restricted in the order, shall publish the sale "at least three different times."

This language would seem to imply that the clerk might order the publication to be made even oftener than "three times."

Section 2150 allows a printer's fee of 80 cents per square for the first insertion, and 40 cents per square for each subsequent insertion, without any restriction as to the number of insertions. The Referees held that under the several sections of the Code cited, the publication might be made daily, unless restricted by the order. The master reported the sale, and that

the land was advertised as required by the decree, and the report was approved and confirmed. Where the publication is ordered in a daily paper the presumption would be that it was intended the advertisement should be published until day of sale in each edition of the paper, unless otherwise directed. It is ·easy to regulate the number of insertions in the order if it is desired to restrict. The services were performed upon an implied contract to pay for them, and the rates charged it is said at 80 cents and 40 ·cents per square would be greater than the aggregate charge.

The Referees have reported in favor of reversing the ruling of the chancellor, and we confirm their report.